UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ALIZ GROUP, LLC,

Plaintiff,

-against-

PINEAPPLE HOSPITALITY COMPANY

Defendant.

ECF CASE
Civil Action No.

COMPLAINT FOR TRADEMARK INFRINGEMENT

JURY TRIAL DEMANDED

Plaintiff Aliz Group, LLC ("Plaintiff" or "Aliz"), for its complaint against defendant Pineapple Hospitality Company ("Defendant" or "Pineapple"), herein states as follows on knowledge as to Plaintiff, and otherwise on information and belief:

## INTRODUCTION

1. Plaintiff is the owner and proprietor of the Aliz Hotel, a new boutique full-service luxury hotel located near Times Square in New York City ("Plaintiff's Aliz Hotel"). In an effort to proactively protect its rights in the mark ALIZ ("Plaintiff's ALIZ Mark"), Plaintiff filed an associated intent-to-use trademark application for ALIZ (stylized) for hotel services on March 16, 2016. After an earlier soft opening, Plaintiff formally opened Plaintiff's Aliz Hotel on October 15, 2018.

2. Four months after Plaintiff filed its trademark application for ALIZ, Defendant filed its own trademark application for THE ALISE for hotel services in July 2016. Defendant received a letter from the United States Patent and Trademark Office in November 2016 suspending Defendant's application on the basis of a potential likelihood of confusion with

Plaintiff's previously filed application.

3. Despite this knowledge of Plaintiff's application and bona fide intent to use ALIZ, defendant Pineapple Hospitality Company commenced use of the mark "The Alise" with respect to its hotel in San Francisco. Defendant went so far as to change the name of hotels that it purchased in Chicago and Boston to "The Alise."

4. Defendant seeks to open a hotel in New York City named "The Alise" in January 2019 ("Defendant's NY Alise Hotel"), *four blocks away* from Plaintiff's Aliz Hotel. Defendant's actions infringe Plaintiff's trademark rights and will continue to cause irreparable harm to Plaintiff's goodwill and reputation if unaddressed.

THE PARTIES

5. Plaintiff Aliz Group, LLC is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 310 W. 40th Street, New York, New York, 10018.

6. Upon information and belief, defendant Pineapple Hospitality Company is a corporation organized under the laws of the State of Washington, with a principal place of business at 155 108th Avenue NE, Suite 500, Bellevue, Washington 98004.

JURISDICTION AND VENUE

7. This action arises under the trademark laws of the United States, the Lanham Trademark Act of the United States, 15 U.S.C. § 1051 et seq., and under the statutory and common laws of the State of New York.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

9. This Court also has supplemental jurisdiction over the state law and unfair

competition claims pursuant to 28 U.S.C. §1367 (a).

10. This Court has jurisdiction over Pineapple, as: (i) Pineapple operates a website at <staypineapple.com> through which consumers, including consumers in this District, can make reservations to stay at Defendant's NY Alise Hotel, (ii) Pineapple accepts reservations through third party websites from consumers, including consumers in this District, (iii) the location of Defendant's NY Alise Hotel is in this District, and (iv) Pineapple is otherwise within the jurisdiction of this Court.

11. Venue is properly placed in this judicial district pursuant to 28 U.S.C. §1391.

## BACKGROUND

### A. Plaintiff's Trademark Application and Hotel

17. In early 2016, Plaintiff commenced plans to open a boutique hotel in New York City named Aliz.

18. In furtherance of this goal, on March 16, 2016 Plaintiff filed a federal trademark application for the stylized mark ALIZ (as depicted below) with respect to "hotel services", which was assigned Serial No. 86/942,683 ("Plaintiff's ALIZ Application"):



19. Plaintiff's ALIZ Application showed that Plaintiff is a corporate entity formed in the State of New York, with a principal place of business in New York City.

20. On July 20, 2016, Plaintiff's ALIZ Application was published for

opposition by third parties, and no party emerged to oppose the application.

21. On October 4, 2016, a Notice of Allowance was issued for Plaintiff's ALIZ Application, signifying that as soon as Plaintiff filed appropriate evidence of use the application would proceed to registration.

22. Plaintiff entered into a contract with the operator of its hotel in June 2017.

23. Plaintiff started accepting reservations for Plaintiff's Aliz Hotel via the website Booking.com on or about May 18, 2018 and Expedia on or about May 22, 2018.

24. The website for Plaintiff's Aliz Hotel was launched on or about May 31st, 2018, and the website was able to receive reservations for hotel rooms if users provided their credit card information.

25. In 2018, Plaintiff hired a publicity company to start publicizing the impending opening of Plaintiff's Aliz Hotel.

26. Attached as **Exhibit 1** is a true and correct copy of an article from the website Hotel Business, dated June 27, 2018, entitled "Aliz Hotel to Heighten New York's Times Square; More U.S. Openings".

27. Attached as **Exhibit 2** is a true and correct copy of an article from the website Recommend, dated July 16, 2018, entitled "New Hotels in Popular U.S. Destinations", which features a discussion of Plaintiff's Aliz Hotel.

28. Attached as **Exhibit 3** is a true and correct copy of an article from the website Hotel Online, dated July 17, 2018, entitled "Aliz Group and Crescent Hotels & Resorts Plan Fall Debut of Flagship Aliz Hotel Times Square in New York City".

29. Attached as **Exhibit 4** is a true and correct copy of an article from the website Bizjournal, dated July 18, 2018, entitled "Aliz Hotel Times Square makes its New York

debut".

30. Attached as **Exhibit 5** is a true and correct copy of an article from the website ETurboNews, dated July 18, 2018, entitled "Aliz Hotel Times Square makes its New York debut".

31. Attached as **Exhibit 6** is a true and correct copy of an article from the website Pursuitist, dated July 18, 2018, entitled "This New Hotel Will Be One of the Tallest Hotels in NYC".

32. Attached as **Exhibit 7** is a true and correct copy of an article from the website Luxury Portal, dated July 19, 2018, entitled "This New Hotel Will Be One of the Tallest Hotels in NYC".

33. Attached as **Exhibit 8** is a true and correct copy of an article from the website Hotel News Resource, dated July 19, 2018, entitled "Aliz Hotel Times To Open This Fall".

34. Attached as **Exhibit 9** is a true and correct copy of an article from the website Hombre Magazine, dated July 26, 2018, entitled "Aliz Hotel Times Square to Feature Tallest Rooftop Bar in New York City".

35. Attached as **Exhibit 10** is a true and correct copy of an article from the website Lonely Planet, dated July 27, 2018, entitled "New York's tallest open-air rooftop bar is set to open this year".

36. Exhibits 1 through 10 are collectively referred to hereafter as "Plaintiff's Sample Publicity".

37. Following a soft opening the week before, on October 15, 2018 Plaintiff's ALIZ Hotel formally opened and welcomed guests. The full-service luxury boutique hotel offers high speed internet access, an internal restaurant, 24-hour room service, a two-story rooftop bar

and lounge, a bike room by Peloton, high-speed elevators, valet parking, dry cleaning and a host of other amenities.

38. Plaintiff filed its Statement of Use on October 19, 2018.

39. As the USPTO has already reviewed Plaintiff's ALIZ Application and issued a Notice of Allowance, once the USPTO goes through the formality of approving Plaintiff's specimen of use Plaintiff's ALIZ Application will mature to registration.[1] On such date, Plaintiff's priority date will revert to its application date of March 16, 2016.

40. Per 15 U.S.C. § 1072, the registration of Plaintiff's ALIZ mark will serve as constructive notice of Plaintiff's claim of ownership thereof.

41. Plaintiff's registration certificate will act as prima facie evidence of ownership of the ALIZ mark.

42. As the registration will have resulted from Plaintiff's intent-to-use application, Plaintiff will have "constructive use" priority as of the date of filing of its intent-to-use application, and can use that priority as a basis to enjoin those who began use after Plaintiff's constructive use date.

B. Defendants' Unlawful Acts

43. Defendant is the owner of a chain of boutique hotels across the United States.

44. In early to mid-2014, Defendant purchased a hotel in San Francisco that was known at the time as Hotel California. A true and correct copy of an article from Market Wired

1 Plaintiff notes that when Plaintiff's ALIZ Application matures to registration it will seek leave to amend this complaint to add additional claims relating to infringement of a federal trademark registration.

dated April 14, 2014 discussing this purchase is attached as **Exhibit 11**.

45. Per a press release issued by Defendant, Defendant operated this hotel under the name Hotel Grace while in preview. An international hotel group objected to Defendant's use of this name, and so Defendant decided to rebrand its forthcoming hotel as The Alise. A true and correct copy of this press release is attached as **Exhibit 12**.

46. At this time, due to its issues with this international hotel group, Defendant was aware that trademark issues could impact the ability to name its hotel.

47. On July 27, 2016, Defendant filed a related federal intent-to-use trademark application for the mark THE ALISE, in relation to hotel services in International Class 43; the application was assigned Serial No. 87/117,780 ("Defendant's ALISE Application").

48. Shortly thereafter in November 2016, the USPTO issued a letter suspending Defendant's ALISE Application on the basis of a potential likelihood of confusion with Plaintiff's ALIZ Application. A copy of this suspension letter is attached as **Exhibit 13**. As stated above, Plaintiff's ALIZ Application was issued a Notice of Allowance in October 2016, and a search of the USPTO database would have revealed this to Defendant.

49. Referring to Plaintiff's ALIZ Application, the suspension letter specifically states: "If the mark in the referenced application(s) registers, applicant's mark may be refused registration under Section 2(d) because of a likelihood of confusion with that registered mark(s)."

50. On the issue of priority, the suspension letter stated with respect to Plaintiff's ALIZ Application: "The effective filing date of the pending application(s) identified below precedes the filing date of applicant's application".

51. Defendant therefore had knowledge, no later than November 2016, that: (i) Plaintiff had a bona fide intent to use the mark ALIZ in relation to hotel services, (ii) Plaintiff's

ALIZ Application had been issued a Notice of Allowance, making its ultimate registration a formality once evidence of use was filed, (iii) upon such registration Plaintiff's ALIZ mark would have priority over Defendant's application for, and use of, the mark THE ALISE, and (iv) Plaintiff was an entity formed in New York with a business address in New York City.

52. Rather than contacting Plaintiff or curtailing its use of the confusingly similar mark THE ALISE, Defendant instead continued to expand its usage of the mark THE ALISE eastward across the United States towards New York, the state of formation and principal place of business of Plaintiff.

53. Within two months of receiving the suspension letter, an article on the business periodical Crain's website dated December 21, 2016 reported that Defendant had purchased a boutique hotel in Chicago, and would change its name from the Hotel Burnham to The Alise Chicago. A true and correct copy of this article is attached as **Exhibit 14**.

54. In March 2018, an article in Hotel Online announced that Defendant had acquired The Chandler Inn hotel in Boston, rechristened it The Alise Boston, and reopened it on February 28, 2018. A true and correct copy of this article is attached as **Exhibit 15**.

55. On August 24, 2018, an article appeared on The Real Deal website, a New York real estate news website, reporting that Defendant purchased the leasehold in 337 West 36th Street, and would be opening Defendant's NY Alise Hotel. A true and correct copy of this article is attached as **Exhibit 16**.

56. Defendant's purchase of this leasehold and announcement of its intention to name its New York hotel "The Alise" came a month or two months after Plaintiff began to aggressively promote the upcoming opening of Plaintiff's Aliz Hotel, including certain items from Plaintiff's Sample Publicity.

57. As of October 21, 2018, Defendant is accepting reservations for Defendant's NY Alise Hotel, which is to open at the beginning of January 2019.

58. Defendant's NY Alise Hotel is located ***four blocks away*** from Plaintiff's Aliz Hotel, as shown in the below map generated by the program Google Maps to give the directions from one hotel to the other:

59. On information and belief, Defendant is engaging in online advertising, through the purchase of keywords or other means, such that searches for Plaintiff's NY Aliz Hotel result in a user being shown advertisements for Defendant's NY Alise Hotel. True and correct copies of screenshots showing these advertisements are attached as **Exhibit 17**.

60. On average, the prices for Defendant's NY Alise Hotel are significantly below the prices of Plaintiff's luxury, full-service hotel.

61. Between the confusing similarity of their names and their close proximity,

potential guests could easily book a reservation for Defendant's NY Alise Hotel under the mistaken assumption that they are obtaining a discounted price on a reservation for Plaintiff's NY Aliz Hotel.

62. Plaintiff first learned of Defendant's plans to open Defendant's NY Alise Hotel on September 21, 2018.

63. Plaintiff is being irreparably harmed by Defendant's activities each day, as the marketing associated with the imminent opening of Defendant's NY Alise Hotel is interfering with the opening of Plaintiff's NY Aliz Hotel.

64. Due to this harm, Plaintiff promptly sent a cease and desist letter to Defendant on October 1, 2018. A copy of this letter is attached as **Exhibit 18**.

65. Defendant sent a response letter on October 12, 2018.

66. In order to amicably resolve this matter, Plaintiff's counsel promptly conferred with Defendant's counsel on October 17, 2018. Following this call, Defendant made a settlement offer that was unacceptable to Plaintiff, and so Plaintiff has filed this Complaint to address this urgent situation.

67. Defendant is marketing, promoting, offering for reservations and booking rooms at Defendant's NY Alise Hotel to unlawfully capitalize on Plaintiff's ALIZ Mark.

68. The aforesaid unlawful activities of Defendant may result in a likelihood of confusion in the marketplace and have already caused irreparable harm to the reputation and goodwill of Plaintiff.

COUNT I

VIOLATION OF 15 U.S.C. §1125(a) BY DEFENDANT
(False Designation of Origin)

69. Plaintiff repeats and realleges each allegation in paragraphs 1 to 68 hereof as if fully set forth herein.

70. The foregoing activities of Defendant infringe Plaintiff's ALIZ Mark, creating the impression that Defendant's NY Alise Hotel originates from, is sponsored or endorsed by, or is associated with Plaintiff.

71. The foregoing activities of Defendant have caused, and will continue to cause, the public to believe that Defendant's NY Alise Hotel originates from, is sponsored or endorsed by, or is associated with Plaintiff.

72. The foregoing activities of Defendant are intended to mislead the public to think that there is an association, sponsorship or endorsement from Plaintiff, and said activities take control of the reputation and goodwill of Plaintiff's ALIZ Mark away from Plaintiff, the proprietor of the goodwill of Plaintiff's ALIZ Mark in the United States and elsewhere in the world.

73. The foregoing activities of Defendant constitute a false designation of origin, with the intent to cause confusion and mistake, to deceive and mislead the public, and to improperly benefit from Plaintiff's valuable trademark rights.

74. Defendant is on notice of the Plaintiff's ALIZ Mark and despite said notice Defendant has continued its infringing activities.

75. Defendant's said acts violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

76. Defendant's foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendant's foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendant's wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT II
VIOLATION OF 15 U.S.C. §1125(a) BY DEFENDANT
(Unfair Competition)

77. Plaintiff repeats and realleges each allegation in paragraphs 1 to 76 hereof as if fully set forth herein.

78. This cause of action for unfair competition arises under 15 U.S.C. § 1125 (a).

79. Defendant's acts alleged herein constitute unfair competition and will injure the business reputation and business of Plaintiff.

80. Defendant's foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendant's foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendant's wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT III
VIOLATION OF NEW YORK GEN. BUS. LAW § 360-l BY DEFENDANT
(Injury to Business Reputation)

81. Plaintiff repeats and realleges each allegation in paragraphs 1 to 80 hereof

as if fully set forth herein.

82. By reason of the practices and acts set forth above, Defendant has injured Plaintiff's business reputation.

83. The foregoing activities of Defendant are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendant will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

84. Defendant's wrongful acts violate Section 360-l of the New York General Business Law.

85. Defendant's foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendant's foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendant's wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT IV

UNFAIR COMPETITION AND MISAPPROPRIATION

UNDER THE COMMON LAW BY DEFENDANT

86. Plaintiff repeats and realleges each allegation in paragraphs 1 to 85 hereof as if fully set forth herein.

87. The aforesaid activities of Defendant misappropriate and trade upon the fine reputation and goodwill of Plaintiff, thereby injuring that reputation and goodwill, and unjustly divert from Plaintiff to Defendant the benefits rightfully belonging to Plaintiff.

88. The aforesaid activities of Defendant constitute unfair competition, false advertising and misappropriation as proscribed by the common law.

89. The aforesaid activities of Defendant have resulted in a likelihood of confusion between Defendant's hotel services and Plaintiff's hotel services.

90. The aforesaid activities of Defendant have caused Plaintiff to sustain monetary damage, loss and injury.

91. The aforesaid activities of Defendant have been undertaken in bad faith.

92. Defendant has engaged in and continues to engage in the foregoing activities knowingly and willfully.

93. Defendant's foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendant's foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendant's wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. Finding that Defendant has infringed Plaintiff's trademarks in violation of the Lanham Act, 15 U.S.C. § 1125 (a) and Defendant is liable therefor;

B. Finding that Defendant's actions constitute a violation of New York General Business Law §360-l and Defendant is liable therefor;

C. Finding that Defendant's actions constitute unfair competition and misappropriation under the common law and Defendant is liable therefor;

D. Enjoining Defendant, preliminarily during the pendency of this action, and

permanently hereafter, from:

      i. Infringing Plaintiff's ALIZ Mark in any manner;

      ii. Misleading the public to think Defendant's NY Alise Hotel is associated with, sponsored or endorsed by Plaintiff;

      iii. Operating Defendant's NY Alise Hotel under the name "The Alise";

    E. Directing Defendant to deliver to Plaintiff for destruction all promotional or advertising items in its possession that infringe the Plaintiff's ALIZ Mark;

    F. Directing Defendant to account to Plaintiff for all profits resulting from Defendant's infringing activities;

    G. Awarding Plaintiff its damages from Defendant's wrongful acts;

    H. Awarding Plaintiff three times the amount of Plaintiff's damages or Defendant's profits, whichever is greater;

    I. Awarding Plaintiff statutory damages;

    J. Awarding Plaintiff's attorneys' fees and costs; and

    K. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all facts so triable.

Dated: New York, New York
October 24, 2018

GOTTLIEB, RACKMAN & REISMAN, P.C.

Attorneys for Plaintiff

By: ______________________________

Jonathan M. Purow (JP-0052)
jpurow@grr.com
270 Madison Avenue
New York, New York 10016
Phone: (212) 684-3900
Fax: (212) 684-3999